AO 106 (Rev. 04/10)  Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | FILED ——— LODGED |
|---|---|
| | ——— RECEIVED |
| | **May 17, 2022** |
| | CLERK U.S. DISTRICT COURT |
| | WESTERN DISTRICT OF WASHINGTON AT TACOMA |
| | BY ————————————— DEPUTY |

In the Matter of the Search of )
)
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No.   MJ22-5076
SpyPoint Link Micro-S Trail Camera, )
more fully described in Attachment A )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
SpyPoint Link Micro-S Trail Camera, more fully described in Attachment A, incorporated herein by reference.

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ❏ evidence of a crime;
- ❏ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 795 | Photographing Military Installation |

The application is based on these facts:
✓  See Affidavit of William Oman, continued on the attached sheet.

❏  Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ❏ telephonically recorded.

Date: 2022.05.17
09:19:45 -07'00'

_____
*Applicant's signature*

William Oman, Army Civilian Police Officer
*Printed name and title*

◯ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:    05/17/2022

*DW Christel*
_____
*Judge's signature*

City and state:   Tacoma, Washington

DAVID W. CHRISTEL, United States Magistrate Judge
*Printed name and title*

USAO: 2022R00557

1

**AFFIDAVIT OF WILLIAM OMAN**

2

3   STATE OF WASHINGTON        )

4                              )        ss

5   COUNTY OF PIERCE           )

6        I, William Oman, having been duly sworn, state as follows:

7        **INTRODUCTION AND OFFICER BACKGROUND**

8        1.      I am employed as a Police Officer with the Department of the Army

9   Civilian Police ("DACP") and have been so employed since June 2016, where I have

10  been assigned to investigate fish and wildlife cases. Prior to my employment with DACP,

11  I was a Police Officer with the Naval Base Kitsap-Bremerton Police for approximately

12  six years. From June 2009 to February 2016, I was assigned to the Patrol Division, where

13  I conducted law enforcement, harbor security, and protection of nuclear assets.

14       2.      I have completed the ten-week Department of the Army Civilian Police

15  Academy training program at United States Army Military Police School.

16       3.      I am currently assigned to the Conservation Law Enforcement ("CLE")

17  Section. I am presently assigned to investigate violations of Title 77 of the Revised Codes

18  of Washington: Fish and Wildlife and 10 U.S. Code 2671, Military Reservations and

19  Facilities: Hunting, Fishing, and Trapping, and other violations of state and federal law.

20       4.      Throughout the course of my field training, and in my 13 years of law

21  enforcement, I have become familiar with the methods of poaching and unlawful big

22  game hunting. The facts set forth in this affidavit are based on my own personal

23  knowledge, knowledge obtained from other individuals during my participation in this

24  investigation, including other law enforcement officers. Also, the following is based on

25  the review of documents and records related to this investigation, communications with

26  others who have personal knowledge of the events and circumstances described herein,

27  and information gained through my training and experience.

28

AFFIDAVIT OF OFFICER WILLIAM OMAN
USAO# 2022R00557 - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

5.      Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits and instrumentalities of violations of 18 U.S.C. 795, 50 U.S.C. § 797(a)(1), and RCW 77.15.430 will be found on the subject device.

**IDENTIFICATION OF THE SUBJECT DEVICE TO BE EXAMINED**

The subject device is as follows:

6.      SpyPoint Link Micro-S Trail Camera placed in Training Area 11 (47.041916, -122.414733) and its associated memory card. This camera is currently stored in the Joint Base Lewis-McChord Evidence Room.

The warrant would authorize the forensic examination of the SUBJECT DEVICE for the purpose of identifying electronically stored data particularly described in Attachment B.

**THE INVESTIGATION**

7.      On April 9, 2022, Officer J. Smet was contacted by JEFFREY LINSDALE. LINSDALE reported that he was approached by a man dressed in camouflage carrying a turkey slate—presumably only used to scout for turkey. LINSDALE was with his son and his friend BRADLEY ZINK in Training Area 11 Helicopter Training Area ("HTA"). The camouflaged individual was carrying a suppressed AR-15 style rifle and holding a turkey decoy. He further stated there was corn bait spread in the area and a motorcycle was heard leaving the area from the direction the hunter went. It is common for hunters to scout for game prior to the start of the hunting season (April 15), however, it is uncommon for them to be armed with decoys in hand. Based on this observation, I believed the individual was unlawfully hunting prior to the start of hunting season.

8.      On April 10, 2022, Officer Smet and I conducted a search of the area where the witnesses said they walked and encountered the hunter. We traveled along the perimeter road but did not observe any scattered corn on the ground. In the northwest

AFFIDAVIT OF OFFICER WILLIAM OMAN
USAO# 2022R00557 - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

corner of the HTA we came upon a trail that connected to a road north of a contaminated soil holding area, where the witnesses stated they heard sounds of a motorcycle. We entered a trail head south of the contaminated soil area and observed a motorcycle track along the east-side of the fencing, heading north. We followed the track and came upon a downed tree. I parked my truck on the trail near a small birch grove. We proceeded on foot and found the trail leading to the HTA. I returned to my truck to leave and while maneuvering my vehicle to turn around, I observed a trail camera fastened by nylon and plastic clips to a tree. Since JBLM security regulations prohibit the use of cameras in the training areas, I seized the camera for inspection for violations of internal security.

9. The SUBJECT DEVICE is currently in the lawful possession of the Joint Base Lewis-McChord Police Department. And is in storage at the Joint Base Lewis-McChord Police Department Evidence Room.

10. In my training and experience, I know that the SUBJECT DEVICE has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the SUBJECT DEVICE first came into the possession of the Joint Base Lewis-McChord Police Department.

**DIGITAL DEVICE AS INSTRUMENTALITIES OF THE CRIMES**

11. Based upon my training and experience, and conversations with other experienced law enforcement agents and officers who have been involved in poaching and surveillance cases, I know the following:

12. The use of bait for upland birds is indicative of poaching activities by hunters and it is uncommon to utilize bait months in advance for lawful big game hunting.

13. The base commander has prohibited the use of trail cameras due to the protection of national security in order to prevent general dissemination of information related to military training and troop movement within the Federal exclusive jurisdiction.

14. The SpyPoint Link Micro-S Trail Camera was left abandoned on the tree when we seized it. The location where the SpyPoint Link Micro-S Trail Camera was

AFFIDAVIT OF OFFICER WILLIAM OMAN
USAO# 2022R00557 - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

1  placed is private property belonging to the United States. Many animals and service-

2  members pass through this location.

3      15.     Based on my training and experience, I know that the use of trail cameras is

4  prohibited by the rules set-forth by the JBLM Moral, Welfare, and Recreation. Therefore,

5  given internal security restrictions, this SpyPoint Link Micro-S Trail Camera was not

6  placed there by the military.

7      16.     Affiant discovered the camera abandoned and in plain view and conducted

8  an initial search for national security concerns to check for recorded surveillance of

9  military training activities and tactics. During the review, Officer Smet recognized an

10  individual who appeared in the photos, George Baker. He is familiar with Mr. Baker

11  because he was previously trespassed from the military installation. Agents have not

12  downloaded the contents of the camera at this time.

13      17.     Affiant believes that the additional search and seizure of the images on the

14  camera will further the investigation into the target offenses. Namely, these photos will

15  support the investigation into the potential violation of 18 U.S.C. 795 by photographing

16  the military installation, 50 U.S.C. § 797(a)(1) for violating security regulations, and

17  RCW 77.15.430 for hunting off season.

18  //

19  //

20  //

21

22

23

24

25

26

27

28

AFFIDAVIT OF OFFICER WILLIAM OMAN
USAO# 2022R00557 - 4

**CONCLUSION**

18.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT DEVICE described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Date: 2022.05.17
09:20:19 -07'00'

WILLIAM OMAN
Conservation Law Enforcement Officer
Department of the Army Civilian Police

The above-named officer provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on this 17th day of May 2022.

The Honorable David W. Christel
United States Magistrate Judge

AFFIDAVIT OF OFFICER WILLIAM OMAN
USAO# 2022R00557 - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

**ATTACHMENT A**
**(Property to be searched)**

1

2

3    The property to be searched is as follows:

4    • SpyPoint Link Micro-S Trail Camera placed in Training Area 11

5       (47.041916, -122.414733) and its associated memory card. This

6       camera is currently stored in the Joint Base Lewis-McChord

7       Evidence Room.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT A
USAO# 2022R00557 - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

**ATTACHMENT B**
**(Items to be searched for and seized)**

1.      All records on the SUBJECT DEVICE described in Attachment A that relate to violations of 18 U.S.C. 795; 50 U.S.C. § 797(a)(1) and RCW 77.15.430 along with conspiracy to do the same, that is:

a.      Photographs, videos and similar items, depicting prohibited and unlawful hunting practices, violations of military internal security regulations to include surveillance of military equipment, training, and troop activity;

b.      Evidence of who used, owned, or controlled the digital device or other electronic storage media at the time the things described in this warrant were created;

c.      Assigned number and identifying serial number;

d.      Stored list of recent received or sent data;

e.      Stored photographs and videos of game takes, firearms or other weapons, evidence of suspected criminal activity, and/or the user of the trail camera and/or co-conspirators, including any embedded GPS data associated with these photographs;

2.      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

ATTACHMENT B
USAO# 2022R00557 - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800